1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JANE DOE, an individual,              Case No. SACV 11-00340-CJC-(RNBx)

12              Plaintiff,                  THE HONORABLE ROBERT N. BLOCK

13   v.                                     **[proposed] PROTECTIVE ORDER**

14   THE COUNTY OF ORANGE; a
     Governmental entity; THE ORANGE
15   COUNTY SHERIFF'S DEPARTMENT, a
     Governmental entity; SCOTT ALLEN       Complaint Filed:     March 2, 2011
16   COLE, an individual; and DOES 1-100,
     Inclusive.
17
                Defendants.
18

19         Based upon the stipulation of the parties and good cause appearing therefor,

20      **IT IS HEREBY ORDERED** that:

21         Pursuant to the Provisions of Rule 26 (c) of the Federal Rules of Civil

22   Procedure, the parties hereby stipulate to and petition the Court to enter the following

23   Stipulated Protective Order.  The parties acknowledge that this Order does not confer

24   blanket protections on all disclosures or responses to discovery and that the protection

25   it affords from public disclosure and use extends only to the limited information or

26   items that are entitled to confidential treatment under the applicable legal principles.

27   The parties further acknowledge, as set forth below, that this Stipulated Protective

28   Order does not entitle them to file confidential information under seal; Civil Local

Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## A.     DESIGNATION AS CONFIDENTIAL:

It is hereby stipulated that the defendants, THE COUNTY OF ORANGE; THE ORANGE COUNTY SHERIFF'S DEPARTMENT; and SCOTT ALLEN COLE [hereinafter referred to as "Defendants"], may designate as "CONFIDENTIAL" material the following items produced in response to discovery:

1.     Documents relating to personnel complaint(s) in connection with Plaintiff's allegations against the County of Orange, Orange County Sheriff's Department, Scott Allen Cole and/or their agents and employees and any accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints;

2.     The training records for Scott Allen Cole;

3.     A list of Scott Allen Cole's personnel history regarding any personnel complaints made against him;

4.     The accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints;

5.     Documents related to any internal investigation by the Orange County Sheriff's Department related to Plaintiff's allegations; and

6.     Orange County Sheriff's Department written policies and/or procedures.

The production of the aforementioned materials does not waive any objections with respect to the admissibility of any of these documents at time of trial.  Moreover, inclusion of materials in the foregoing list does not waive any objection(s) to their production.

The designation of "CONFIDENTIAL" material shall be made by placing or affixing upon written transcripts/documents in a manner which is not to interfere with its legibility, the word "CONFIDENTIAL," to each page that contains protected

material.  The designation shall be made prior to, or in compliance with, the future production of the above-referenced written and/or recorded materials.

**B.    USE OF CONFIDENTIAL MATERIAL:**

Materials and information designated as "CONFIDENTIAL" under this Protective Order shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, for any purpose whatsoever other than prosecuting, defending and attempting to settle this matter.

**C.    DISCLOSURE OF CONFIDENTIAL MATERIAL:**

Counsel for any party shall  not disclose or permit the disclosure of any material or information agreed to be designated as "CONFIDENTIAL" and the information contained therein, under this Protective Order to any other person or entity, including, but not limited to, other persons who have or will file claims or lawsuits against the Defendants, media, entertainment or news personnel, attorneys' organizations or associations, or other organizations or associations that collect information about lawsuits against the Defendants.

**1.    EMPLOYEES:** Disclosure may be made to employees of a party's counsel who are assisting in the preparation and trial of this action or any appeal regarding this action.  Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information contained in therein be held in confidence.

**2.    EXPERTS and CONSULTANTS:** Disclosure may be made to experts employed by a party or their counsel to assist in the prosecution of this matter who have committed in writing in advance of disclosure to such party's counsel his/her agreement to be subject to the provisions of this Protective Order, requiring that the material and information contained in therein be held in confidence.

///

///

**D.**     **COPIES, EXTRACTS, SUMMARIES and DESCRIPTIONS:**

Any person having access to material or information designated as "CONFIDENTIAL" under this Protective Order shall not make copies, extracts, or summaries of the material or information contained in the material, or any portion thereof, except that copies, extracts, or summaries may be prepared by Plaintiff's counsel, or experts or consultants employed by Plaintiff's counsel in the prosecuting, defending and attempting to settle this matter.  Any such copies, extracts, or summaries shall be treated as confidential material under the provisions of this Protective Order.

**E.**     **DISPUTES:**

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Any disputes as to the confidentiality will be made pursuant to Local Rules 37-1 through 37-4.  Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the dispute.

**F.**     **USE AS EVIDENCE and USE DURING DEPOSITIONS:**

If, during any court proceeding, either pre-trial, post-trial or during trial, Plaintiff intends to offer into evidence any documents, exhibits, or other materials that reveal materials or information claimed to be confidential by Defendants, counsel for Plaintiff shall provide counsel for Defendants reasonable advance notice of such intention.  In accordance with Local Rule 79-5.1, if papers to be filed with the Court contain material or information that has been designated as "CONFIDENTIAL," the

1  proposed filing shall be accompanied by an application to file the papers or the
2  portions thereof containing the confidential material information (if such information
3  is segregable under seal; and that the application shall be directed to the judge to
4  whom discovery is assigned).  If, in connection with any deposition taken in this
5  action, Plaintiff's attorneys question a witness regarding materials marked as
6  "CONFIDENTIAL" by Defendants as agreed, or uses confidential material as
7  deposition exhibits, the transcripts of such deposition testimony and exhibits shall be
8  designated as confidential material and shall be subject to the provisions of this
9  Protective Order.

10      **G.     RETURN OF DOCUMENTS:**

11      Upon final termination of this action, whether by judgment, settlement or
12  otherwise, counsel for Plaintiff shall return to counsel for Defendants, within 60
13  calendar days, all materials and all copies thereof in their possession or subject to their
14  control, (including, but not limited to, materials furnished to consultants and/or
15  experts) that was designated by Defendants as "CONFIDENTIAL" in accordance with
16  this Protective Order.

17      **H.     FAILURE TO COMPLY WITH PROTECTIVE ORDER:**

18      Failure to comply with the Protective Order could subject the non-compliant
19  individual/s to sanctions and punishment in the nature of contempt.

20      **I.     ADDITIONAL PARTIES:**

21      If any other party to this civil litigation requests copies of the documents subject
22  to this confidential protective order, counsel for the party to whom the request is made
23  shall first provide a copy of the Stipulated Protective Order to the requesting party.
24  The requesting party shall confirm in writing that both the party and their attorney(s)
25  shall be bound by the terms of the Stipulated Protective Order.  The writing must also
26  include consent, by the person to whom disclosure is made, to be subject to the
27  jurisdiction of this court with respect to any proceeding relating to the enforcement of
28  this Stipulated Protective Order, including but not limited to, any proceeding for

1   contempt.

2          The foregoing is without prejudice to the right of any party:

3          1.      To apply to the court for a Protective Order relating to confidential

4   material or related to discovery in this litigation;

5          2.      To apply to the Court for an order permitting the removal of the

6   "CONFIDENTIAL" designation from any documents;

7          3.      To apply to the Court for an order compelling production of

8   documents or modifications of this order or for any order permitting disclosure of

9   confidential material beyond the terms of this order.

10

11          **SO ORDERED.**

12

13   DATED:      February 07, 2013      _____

14                                       THE HONORABLE ROBERT N. BLOCK
                                         United States District Court Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

[proposed] PROTECTIVE ORDER